UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 11-31-GWU

MARK WADE EADES,                                                    PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

Mark Eades brought this action to obtain judicial review of an administrative decision on his applications for Disability Insurance Benefit and for Supplemental Security Income.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity?
   If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

1

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Eades, a former cook with a high school equivalent education, suffered from impairments related to depression, diabetes mellitus, attention deficit disorder, and a pain disorder. (Tr. 12, 16). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform light level work, restricted from a full range by a need to avoid work requiring him to interact with the general public or work on a fast-paced assembly line. (Tr. 15). Since the ALJ found that the claimant could

return to his past relevant cooking work, he could not be considered totally disabled. (Tr. 16-17).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Eades argues that the ALJ erred in failing to obtain the testimony of a vocational expert.  As noted by the defendant, the administrative regulations indicate that an ALJ may, but is not required to, obtain testimony from a vocational expert in determining whether a claimant can still perform his past relevant work. 20 C.F.R. § 404.1560(b)(2).  In the present action, the ALJ noted that the plaintiff's past work as a cook was compatible with his limitation to a restricted range of light level work. (Tr. 16).  However, the ALJ failed to cite what information he relied upon in reaching this conclusion.  (Id.).  The court notes that Eades indicated on the Disability Report that his past cooking work had required him to lift 50 pounds frequently.  (Tr. 129).  Under the federal regulations, such a lifting requirement would be consistent with medium or heavy level work and would be inconsistent with performance of light level work where one is restricted from lifting more than

6

20 pounds occasionally.  20 C.F.R. § 404.1567.  Furthermore, the <u>Dictionary of Occupational Titles</u> (DOT) at DOT Number 313.361-014 states that the job of restaurant cook is medium level in exertion.  Therefore, the ALJ's finding that the past relevant work as a cook could still be performed is in error.

Since Eades could not return to his work as a cook, the sequential evaluation process would move to Step Five.  The burden of coming forward with evidence, in order to show that a significant number of other jobs existed which the plaintiff could still perform despite his impairments, shifts at this point to the Commissioner.  As prevoiusly noted, the claimant was found to suffer from non-exertional limitations concerning interaction with the public and performing fast-paced assembly line work and, so,  reliance upon the medical-vocational guidelines would be precluded.  In order to meet his burden, the ALJ did need to consult the opinion of a vocational expert.  <u>Damron</u>, 778 F.2d at 282.  Therefore, a remand of the action for further consideration is required.

Eades presents several other arguments with which the undersigned does not agree.  The plaintiff asserted that the ALJ erred in by failing to discuss the "BAWAC" report. (Tr. 155-160). This report involved a vocational evaluation of the plaintiff's skills, interests and work potential. (Tr. 155). The BAWAC staff ultimately concluded that the claimant would not be employable. (Tr. 160).  Under the federal regulations, this would be an opinion reserved to the Commissioner and, so, not

binding. 20 C.F.R. § 404.1527(e)(1). Therefore, the court must reject this particular argument of the plaintiff.

Eades also asserts that the ALJ erred in evaluating his depression. However, the court notes that no treating or examining source identified the existence of more severe specific mental limitations than those found by the ALJ, including the staff at NorthKey Community Care (Tr. 198-226, 234-306), the staff at the St. Elizabeth Family Practice Center (Tr. 227-233, 322-337) and Dr. Diane McElheney (Tr. 381-397). Psychologists Ed Ross (Tr. 308) and Ann Demaree (Tr. 338) each opined that the claimant did not suffer from a "severe" mental impairment. Therefore, the undersigned finds no error on this point.

Finally, Eades also asserts that the ALJ erred in failing to conduct a full hearing by failing to ask any questions about his ability to lift, stand, sit or walk. The Sixth Circuit Court of Appeals has found that an ALJ has a heightened duty to develop the record when a claimant is not represented by counsel. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051 (6th Cir. 1983). However, in the present action, the plaintiff was represented by an attorney who had the opportunity to question the claimant and develop the record. (Tr. 18-36). Therefore, the court finds no error on this point.

The undersigned concludes that the administrative decision must be reversed and the action remanded for the purpose of obtaining vocational expert

11-31   Mark Wade Eades

testimony concerning whether a substantial number of other jobs would be available to the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of December, 2011.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**